**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4281**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FILY GIOVANY AMAYA-MARTINEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Liam O'Grady, District Judge.  (1:18-cr-00413-LO-1)

Submitted:  October 31, 2019                                   Decided:  November 12, 2019

Before MOTZ and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamen, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Cadence A. Mertz, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  G. Zachery Terwilliger, United States Attorney, Aidan Taft Grano, Assistant United States Attorney, Jordy Hur, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fily Giovany Amaya-Martinez, a native and citizen of El Salvador, was convicted following a bench trial of one count of illegal reentry after removal following an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). He was sentenced to a term of one year and one day of imprisonment, to be followed by two years of supervised release. For the reasons set forth below, we affirm.

In light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Amaya-Martinez argues that he is legally innocent of his conviction because the agency lacked jurisdiction over his initial removal proceedings, rendering them void. We review legal issues de novo. *United States v. Peoples*, 698 F.3d 185, 189 (4th Cir. 2012). In *Pereira*, the Supreme Court held that a notice to appear (NTA) that does not designate the specific time and place for the first hearing "is not a 'notice to appear under [8 U.S.C. §] 1229(a) [(2012)]'" and does not terminate the alien's period of continuous presence for purposes of cancellation of removal. *Pereira*, 138 S. Ct. at 2110, 2114 (quoting 8 U.S.C. § 1229b(d)(1)(A) (2012)). The Supreme Court stated that it was addressing a "narrow question[:] . . . If the Government serves a noncitizen with a document that is labeled 'notice to appear,' but the document fails to specify either the time or place of the removal proceedings, does it trigger the stop-time rule?" *Id.* at 2110. The Court answered the question in the negative, noting that, according to statute, the relevant period of continuous presence terminates "'when the alien is served a notice to appear *under section 1229(a)* of this title.'" *Id.* (emphasis added) (quoting 8 U.S.C. § 1229b(d)(1)(A)).

2

Citing § 1229(a), Amaya-Martinez argues that, following *Pereira,* the NTA that initiated his removal proceeding was invalid because it lacked a time and date to appear. (Appellant's Br. at 6, 9-14). He therefore concludes that his "initial removal proceeding was void." (*Id.* at 14). We recently held in *United States v. Cortez*, 930 F.3d 350 (4th Cir. 2019), however, that "[i]t is the regulatory definition of 'notice to appear,' and not § 1229(a)'s definition, that controls in determining when a case is properly docketed with the immigration court under 8 C.F.R. § 1003.14(a) [(2019)]." *Id.* at 363.

In that case, Cortez moved to dismiss the indictment, which charged him with illegal reentry, on the ground that the Immigration Judge lacked jurisdiction to enter the order of removal because the NTA failed to provide a date or time for the removal hearing. *Id.* at 353-54. We rejected Cortez's claim for two reasons. First, as we explained, § 1003.14(a) is "a docketing rule" lacking jurisdictional significance, meaning that a violation of that rule does not deprive an immigration court of authority to adjudicate a case. *Id.* at 355, 358-62. And second, as we further explained, Cortez was in any event wrong on the merits: Whether a case is properly docketed with the immigration court under § 1003.14(a) turns on whether the notice filed with the immigration court satisfies the distinct requirements set out at 8 C.F.R. § 1003.15(b)-(c) (2019)—which do not mandate inclusion of the hearing date and time. *Id.* at 362-66. The NTA filed with the immigration court in Amaya-Martinez's case conformed to that regulatory definition. We therefore conclude that Amaya-Martinez's claim is squarely foreclosed by *Cortez*.

Amaya-Martinez next asserts that he may collaterally attack his removal order without satisfying the criteria set forth in 8 U.S.C. § 1326(d) (2012) because entry of his

removal order without proper jurisdiction was fundamentally unfair. Amaya-Martinez's claim that the immigration court lacked jurisdiction over his removal proceedings is unfounded, and he must meet § 1326(d)'s criteria to proceed with a collateral challenge to the removal order. *See Cortez*, 930 F.3d at 356-58.

Collateral attack on a removal order in an illegal reentry prosecution is allowed if there was a "procedural flaw in the immigration proceeding" that prevented the noncitizen from seeking review when the removal order was issued, in violation of due process. *United States v. Moreno-Tapia*, 848 F.3d 162, 169 (4th Cir. 2017). To launch a collateral attack, a defendant must show: (1) he exhausted any administrative remedies that may have been available to challenge the order of removal; (2) he was improperly deprived of his right to judicial review of the removal order; and (3) entry of the order was fundamentally unfair. 8 U.S.C. § 1326(d); *see United States v. Mendoza-Lopez*, 481 U.S. 828, 839 (1987); *Moreno-Tapia*, 848 F.3d at 169.

The record shows that a few months after the NTA issued, a Notice of Hearing in Removal Proceedings with a specific date and time was sent to Amaya-Martinez. He attended and participated in the proceedings with representation by counsel, and waived appeal of the Immigration Judge's removal order. In light of these facts, we conclude that Amaya-Martinez cannot meet the requirements of § 1326(d), including establishing that his removal proceedings were fundamentally unfair. *See Cortez*, 930 F.3d at 356 (finding where Cortez received prompt notice of date and time of hearing, which he attended, "there is no reason to believe that the hearing would have proceeded any differently, much less

4

resulted in a different outcome, had the notice docketed with the immigration court also provided the same date and time information").

We accordingly affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*